UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEWIS ECCKLES, JR., #298965,

        Plaintiff,

v.                                       CASE NO. 2:21-CV-11959
                                       HONORABLE MARK A. GOLDSMITH

MICHIGAN DEP'T OF CORR., et al.,

        Defendants.

_____/

## ORDER OF TRANSFER

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. In his complaint, Michigan prisoner William Lewis Ecckles ("Plaintiff") raises claims concerning his medical care, his placement in segregation for a certain period of time, and the denial of his related grievances while he was confined at the Carson City Correctional Facility in Carson City, Michigan. He names the Michigan Department of Corrections ("MDOC"), MDOC Director Heidi Washington, Warden Randee Rewerts, Assistant Deputy Warden K. Nevis, and Physician Assistant/Nurse Edger as the defendants in this action and sues them in their official capacities. Plaintiff seeks to proceed without prepaying the fees and costs for this action.

Having reviewed the complaint, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

Venue in general. A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. *Carver v. Knox Co., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

Defendants reside in Ingham County and Montcalm County, Michigan for purposes of the present complaint and the events giving rise to the complaint occurred in those counties. Both of those counties are located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court. The Western District is also a more convenient forum for this action.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a), the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the civil rights complaint or the pending application to proceed without prepaying fees or costs.

s/ David R. Grand<br>
DAVID R. GRAND<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 30, 2021